IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 14-02689 |
| FOODS, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |

# LIMITED OBJECTION TO DEBTOR'S EMERGENCY FINANCING MOTION

The Iowa Department of Revenue (IDR) states as follows for its Limited Objection to Debtor's Emergency Financing Motion.

1.      As a retailer, the Debtor is required to collect Iowa sales taxes from its costumers and remit the amount collected to the IDR.  Iowa Code §§ 423.29 and 423.31 (2013).  Similarly, the Debtor is required to withhold Iowa income taxes from compensation paid to its employees and turnover the amount withheld to the IDR. Iowa Code § 422.16 (2013).  Any sums withheld under § 422.16 or collected under Iowa Code § 423.29 "are deemed to be held in trust for the state of Iowa." Iowa Code §§ 422.16(4) and 423.2(12) (2013).

2.      When an entity holding taxes in trust files a bankruptcy petition, the trust funds do not become property of the estate.  11 U.S.C. § 541(d); Beiger v. IRS, 496 U.S. 53 (1990).

3.      On November 10, 2014, the Debtor filed its Emergency Motion for Interim and Final Orders (i) Approving Post-petition Financing, (ii) Authorizing Use of Cash Collateral, (iii) Granting Security Interests and Superpriority Administrative Expense Treatment, (iv) Providing Adequate Protection, (v) Modifying Automatic Stay, (vi) and Granting Adequate Protection Pursuant to Sections 363 and 364 of the Bankruptcy Code, and (vii) Setting Final Hearing.  A proposed Interim Order was attached to the Motion.

      4.      The IDR objects to the proposed Interim Order to the extent that it might be construed to grant the Debtor's lenders a lien or security interest in funds held in trust for the IDR. In particular, the IDR requests that any Interim or Final Order include the following language:

> This Order does not preclude the Iowa Department of Revenue (IDR) from attempting to establish that funds held or received by the debtor in possession or any secured creditor are held in trust and are not part of the bankruptcy estate, and shall not preclude the IDR from seeking additional relief with respect to such claims. Nothing in this paragraph, however, shall preclude the debtor-in-possession or any secured creditor from challenging any such assertions or contending that such funds are not held in trust for the IDR. The security interests provided for in the Order shall not diminish in any way the rights of the IDR as a trust fund claimant, if any, to obtain possession of funds subject to its trust claims. In addition, any funds that the Court, after notice and hearing, determines are trust funds of the IDR shall not constitute collateral of any secured creditor.

WHEREFORE, the IDR requests that any Interim Order include the language requested above.

                              IOWA DEPARTMENT OF REVENUE

                              By:    /S/ John Waters – November 10, 2014
                                    JOHN WATERS
                                    Attorney At Law
                                    Iowa Department of Revenue
                                    Collections Section
                                    P.O. Box 10457
                                    Des Moines, Iowa 50306
                                    (515) 281-6427
                                    Fax: (515) 281-0763

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the above document was electronically served on the persons listed below through CM/ECF on the 10th day of November 2014.

                                   /S/ John Waters – November 10, 2014
                                   JOHN WATERS

Copy To:

Office of the U.S. Trustee
Jeffrey D. Goetz