UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: <br><br> Foods, Inc. d/b/a Dahl's Foods, <br><br>   Debtor. | Chapter 11 <br><br> Case No. 14-02689-als11 <br><br> Honorable Anita L. Shodeen <br><br> **MERCHANTS CAPITAL RESOURCES, INC.'S OBJECTION TO DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (i) APPROVING POSTPETITION FINANCING, (ii) AUTHORIZING USE OF CASH COLLATERAL, (iii) GRANTING SECURITY INTERESTS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE TREATMENT, (iv) PROVIDING ADEQUATE PROTECTION, (v) MODIFYING AUTOMATIC STAY, (vi) AND GRANTING ADEQUATE PROTECTION PURSUANT TO SELECTIONS 363 AND 364 OF THE BANKRUPTCY CODE, AND (vii) SETTING FINAL HEARING (DOC. 22)** |

COMES NOW Merchants Capital Resources, Inc. ("Merchants"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, and hereby OBJECTS to Debtor Foods, Inc. d/b/a Dahl's Food's ("Debtor") First Day Motion Debtors' Emergency Motion For Interim And Final Orders (i) Approving Postpetition Financing, (ii) Authorizing Use Of Cash Collateral, (iii) Granting Security Interests And Superpriority Administrative Expense Treatment, (iv) Providing Adequate Protection, (vi Modifying Automatic Stay, (vi) And Granting Adequate Protection Pursuant To Selections 363 And 364 Of The Bankruptcy Code, And (vii) Setting Final Hearing **(Doc. 22)**.

## RECITALS

1. On November 9, 2014, Foods, Inc. (hereinafter the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Iowa which is now pending before the Court.

2. On November 9, 2014, the Debtor filed numerous motions in this case including an Emergency Motion for Interim and Final Orders (i) Approving Postpetition Financing, (ii) Authorizing Use of Cash collateral, (iii) Granting Security Interests and Super priority Administrative Expense Treatment, (iv) Providing Adequate Protection, (v) Modifying Automatic Stay, (vi) and Granting Adequate Protection Pursuant to Sections 363 and 364 of the Bankruptcy Code, and (vii) Setting Final Hearing. Accordingly, this Motion will be referred to hereinafter as the "Financing and Cash Collateral Motion."

3. Merchants is a creditor of the Debtor by virtue of unpaid lease obligations owed by the Debtor pursuant to certain unexpired leases. The Debtor identified Merchants on Schedule G as a party (via an assignment from Commerce Bank) to an executory contract or unexpired lease.

4. On or about July 14, 2008, Commerce Bank and the Debtor entered into Master Lease Agreement No. 1000849 ("Master Lease"), a true and accurate copy of which is attached hereto as identified as Exhibit "Merchants' A" and incorporated by reference. Under the terms of the Master Lease, Commerce Bank agreed to lease to the Debtor, and the Debtor agreed to lease from Commerce Bank certain equipment described in one or more lease schedules.

5. On or about May 18, 2011, Commerce Bank and the Debtor entered into Lease Schedule No. 003 ("Schedule 3; the Master Lease and Schedule 3 are collectively, the "Lease"). A

true and accurate copy of Schedule 3 is attached hereto as Exhibit "Merchants' B" and incorporated by reference.

6. Paragraph 8 of the Master Lease requires the Debtor at all times during the lease term to maintain appropriate and adequate insurance on the lease equipment.

7. Schedule 3 provides for a "Base Term" of sixty (60) months and monthly payments of $12,329.38.

8. Attached as Exhibit A to Schedule 3 is a list of the equipment leased to the Debtor pursuant to the terms and conditions set forth in the Lease (the "Equipment"). The Equipment includes substantially all of the equipment and trade fixtures used in the operation of the Dahl's fuel store located at 3401 Ingersoll Avenue, Des Moines, IA. The Equipment includes, in part, the point of sale system, the car wash operation, the food display cases, refrigeration/freezer assets including roof-mounted and other condenser units, walk-in freezers and refrigerators, an ice maker and carbonator, an oven and micro wave oven, soda dispensing assets, racks and shelving, a floor safe, and related equipment expected to be located in a convenience store and used for its operation.

9. Out of an abundance of caution, on or about May 18, 2011, Commerce Bank filed a UCC-1 Financing Statement as File No. P11003840-6 with regard to the Equipment to perfect its interest, to the extent necessary, in said Equipment. A true and accurate copy of the UCC-1 Financing Statement is attached hereto as Exhibit "Merchants' C" and incorporated by reference.

10. Shortly thereafter, Commerce Bank assigned its interest in Schedule 3 and all rights appurtenant thereto to Merchants pursuant to that certain Notice and Acknowledgement of Assignment by and between Commerce Bank, Merchants, and the Debtor (the

"Assignment"). A true and accurate copy of the Assignment is attached hereto as Exhibit "Merchants' D" and incorporated by reference.

11. Out of an abundance of caution, on or about May 24, 2011, Commerce Bank filed a UCC-3 Financing Statement Amendment as File No. P11003990-2 to provide notice of its assignment of Schedule 3 and all rights appurtenant thereto to Merchants. A true and accurate copy of the UCC-3 Financing Statement Amendment is attached hereto as Exhibit "Merchants' E" and incorporated by reference.

12. The Debtor is currently in default under the Lease for failing to make two consecutive pre-petition monthly payments.

13. Merchants is the lessor under the Lease as it relates to Schedule 3 and is the owner of the Equipment.

## OBJECTIONS

14. Attached as Exhibit B to the Debtor's motion is a budget payment line item titled "Commerce Lease." It is unclear whether the proposed budget payment item includes the payment to Merchants arising from Schedule 3. This needs to be clarified.

15. In addition, the Lease requires the Debtor to maintain adequate and appropriate insurance on the Lease Equipment. The Debtor's largest unsecured creditor is Holmes Murphy and the debt owed relates to the Debtor's umbrella insurance policy. Merchants is entitled to adequate protection in the form of confirmation that the Debtor will at all times maintain adequate and appropriate insurance on the Equipment. This needs to be clarified.

**CONCLUSION**

16. Merchants does not necessarily object to the Debtor's use of cash collateral but the Court should require the Debtor to clarify cash collateral payments and insurance information before granting the Debtor's motion.

WHEREFORE, Merchants Capital Resources, Inc. objects to the Debtor's Emergency Motion For Interim And Final Orders (i) Approving Postpetition Financing, (ii) Authorizing Use Of Cash Collateral, (iii) Granting Security Interests And Superpriority Administrative Expense Treatment, (iv) Providing Adequate Protection, (vi Modifying Automatic Stay, (vi) And Granting Adequate Protection Pursuant To Selections 363 And 364 Of The Bankruptcy Code, and (vii) Setting Final Hearing.

Dated: November 24, 2014.

                                          Respectfully submitted,

                                          DAY RETTIG PEIFFER, P.C.

                                          /s/ Joseph A. Peiffer
                                          Joseph A. Peiffer    IS9999471
                                          Ronald C. Martin    IS9998294
                                          Abram V. Carls     IS9997749
                                          PO Box 2877
                                          Cedar Rapids, Iowa   52406-2877
                                          Telephone:  (319) 365-0437
                                          FAX:  (319) 365-5866
                                          E-mail: joep@drpjlaw.com
                                                        ronm@drpjlaw.com
                                                        abram@drpjlaw.com
                                          ATTORNEYS FOR CREDITOR MERCHANTS
                                          CAPITAL RESOURCES, INC.

                                          and

MESSERLI & KRAMER P.A.

/s/ Benjamin J. Court
Benjamin J. Court
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN  55402-1217
Phone: (612) 672-3709
Facsimile: (612) 672-3777
E-mail:  bcourt@messerlikramer.com
ATTORNEY FOR CREDITOR MERCHANTS
CAPITAL RESOURCES, INC.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that a copy of this document was served upon, mailed, or delivered to counsel of record, debtor and other parties of interest listed below not served by the Bankruptcy Court's electronic noticing system in compliance with Bankruptcy Rules 7004 and 9014 on the 24th day of November, 2014.

Signed:  /s/ Laurie Richardson

**14-02689-als11 Notice will be electronically mailed to:**

Sara E Bauer on behalf of Creditor Johnson Brothers Wine Co.
s.bauer@gurstel.com

Mark T Benedict on behalf of Creditor Associated Wholesale Grocers, Inc.
mark.benedict@huschblackwell.com

Abram V Carls on behalf of Creditor Commerce Bank
abram@drpjlaw.com, laurie@drpjlaw.com;acarls.ecf@gmail.com

Erin M Clanton on behalf of Creditor Iowa Des Moines Supply, Inc.
erin.clanton@brickgentrylaw.com, katherine.hanson@brickgentrylaw.com

Jeffrey W Courter on behalf of Creditor Associated Wholesale Grocers, Inc.
jwc@nyemaster.com, mks@nyemaster.com

John J Cruciani on behalf of Creditor Associated Wholesale Grocers, Inc.
john.cruciani@huschblackwell.com, susan.timper@awginc.com

Clinton E Cutler on behalf of Creditor Thrifty Drug Stores, Inc.

ccutler@fredlaw.com

Lisa E Dade on behalf of Interested Party UMB Bank, n.a.
leppsdade@spencerfane.com, ccarpenter@spencerfane.com;lwright@spencerfane.com

Matthew J Gartner on behalf of Creditor Associated Wholesale Grocers, Inc.
matthew.gartner@huschblackwell.com

Jeffrey D Goetz on behalf of Debtor Foods, Inc.
bankruptcyefile@bradshawlaw.com,
goetz.jeffrey@bradshawlaw.com;cromer.pamela@bradshawlaw.com;warner.barbara@bradshawlaw.com

Ronald C Martin on behalf of Creditor Commerce Bank
ronm@drpjlaw.com, susan@drpjlaw.com;rmartin.ecf@gmail.com

Julie Johnson McLean on behalf of Interested Party West Coast Life Insurance Company
juliemclean@davisbrownlaw.com

Chet A Mellema on behalf of Debtor Foods, Inc.
mellema.chet@bradshawlaw.com,
warner.barbara@bradshawlaw.com;gilbert.luann@bradshawlaw.com

Sarah M Olson on behalf of Creditor Thrifty Drug Stores, Inc.
solson@fredlaw.com

Joseph A Peiffer on behalf of Creditor Commerce Bank
joep@drpjlaw.com, laurie@drpjlaw.com;jpeiffer.ecf@gmail.com

Joseph A Peiffer on behalf of Creditor Merchants Capital Resources, Inc.
joep@drpjlaw.com, laurie@drpjlaw.com;jpeiffer.ecf@gmail.com

David L Pollack on behalf of Creditor Brixmor GA Haymarket Square LLC
pollack@ballardspahr.com

David L Pollack on behalf of Creditor Brixmor Property Group, Inc.
pollack@ballardspahr.com

Peter J Rolwes on behalf of Creditor Iowa Beverage Systems, Inc.
prolwes@hudsonlaw.net, tbuesing@hudsonlaw.net

James L Snyder on behalf of U.S. Trustee United States Trustee
USTPRegion12.DM.ECF@usdoj.gov

Kristina M Stanger on behalf of Creditor Associated Wholesale Grocers, Inc.
kmstanger@nyemaster.com

United States Trustee
USTPRegion12.DM.ECF@usdoj.gov

Timothy J Van Vliet on behalf of Creditor Keck, Inc. d/b/a Keck Energy
tim@dsmialaw.com

Mark D Walz on behalf of Creditor Brixmor GA Haymarket Square LLC
markwalz@davisbrownlaw.com, markwalz@davisbrownlaw.com

Mark D Walz on behalf of Creditor Brixmor Property Group, Inc.
markwalz@davisbrownlaw.com, markwalz@davisbrownlaw.com

Richard W Ward on behalf of Creditor Dr Pepper Snapple Group
rwward@airmail.net

John E Waters on behalf of Creditor Iowa Department of Revenue
IDRBankruptcy@iowa.gov

Latonia C Williams on behalf of Creditor UnitedHealthcare Insurance Company
lwilliams@goodwin.com, bankruptcyparalegal@goodwin.com;bankruptcy@goodwin.com

**14-02689 These parties will be served by U.S. Mail:**

Bimbo Bakeries USA, Inc.  
255 Business Center Drive  
Horsham, PA 19044

Roger A. Stong  
Crowe & Dunlevy  
324 North Robinson Ave., Ste. 100  
Oklahoma City, OK 73102