# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) |
| | ) Lead Case No.        14-02689-als11 |
| FOODS, INC. d/b/a DAHL'S FOODS *et al.*, | ) Affiliated Cases:    14-02690-als11 |
| | ) 14-02691-als11 |
| Debtor. | ) |
| | ) |
| EIN: 42-0803702 | ) Chapter 11 Cases (Jointly Administered) |
| _____ | ) |
| DAHL'S FOOD MART, INC., | ) Hon. Anita L. Shodeen |
| | ) |
| Debtor. | ) |
| | ) **LIMITED OBJECTION OF THE** |
| EIN: 42-1040714 | ) **OFFICIAL COMMITTEE OF** |
| _____ | ) **UNSECURED CREDITORS TO KECK,** |
| DAHL'S HOLDINGS I, LLC, | ) **INC.'S MOTION FOR PAYMENT OF** |
| | ) **ADMINISTRATIVE EXPENSE CLAIM** |
| Debtor. | ) **PURSUANT TO 11 U.S.C. §§ 503(a) AND** |
| | ) **503(b)(9)** |
| EIN: 42-3377738 | ) |

The Official Committee of Unsecured Creditors (the "*Committee*") of Foods, Inc. d/b/a

Dahl's Foods and its affiliated debtor entities (collectively, "*Dahl's*" or the "*Debtors*"), by and

through its undersigned proposed counsel, hereby submits this limited objection (the "*Limited*

*Objection*") to the motion for payment of administrative expense claim (the "*Motion*") [ECF No.

41] filed by Keck, Inc. d/b/a Keck Energy ("*Keck*").  In support of the Limited Objection, the

Committee states as follows:

### Relevant Factual Background

On November 9, 2014 (the "*Petition Date*"), the Debtors filed voluntary petitions for

relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").  The

Debtors are operating their businesses and managing their property as debtors-in-possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On November 12, 2014, Keck filed the Motion seeking allowance and payment of $309,198.83 as an administrative expenses pursuant to section 503(b)(9) of the Bankruptcy Code. Keck attached invoices (the "*Invoices*") which listed an invoice and ship date, but did not provide proof of delivery. The deadline to object to the Motion is December 4, 2014. *See* Notice of Bar Date for Objections, ECF No. 54.

On November 18, 2014, the Office of the United States Trustee appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code.

## Limited Objection

The Committee objects to Keck's Motion for procedural reasons as well as on the merits. Procedurally, the Committee believes that it is premature to evaluate this Motion in light the circumstances of these cases and that, instead, all section 503(b)(9) claims should be addressed through a comprehensive procedure approved by this Court. As to the merits of Keck's claim, the Committee objects because Keck has not established that it delivered goods to the Debtors in the 20 days prior to the Petition Date.

I.    **The Motion is Premature and Should be Considered Alongside the Section 503(b)(9) Claims of All Similarly-Situated Creditors**

A.    The Motion and All Pending Motions Should be Addressed Pursuant to a Comprehensive Section 503(b)(9) Claims Procedure.

Including this Motion, there are currently seven (7) pending motions for payment of administrative expenses (the "*Pending Motions*"), all asserting an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. *See* ECF Nos. 41, 66, 79, 83, 94, 147, 152. The Committee anticipates that many other creditors likely have section 503(b)(9) claims against the Debtors. Rather than review each motion for payment of a section 503(b)(9) claim as it is filed, the Committee asserts that it would be in the best interests of creditors and would serve

2

judicial economy to establish a procedure for addressing all such claims so that that the Committee and other parties-in-interest may review and evaluate section 503(b)(9) claims at the same time, and, if appropriate, file a single omnibus-objection to section 503(b)(9) claims.  The Committee understands that the Debtors are currently working on a motion to approve such a procedure to be filed in the near future.

Accordingly, the Committee submits that it is in the best interests of the Debtors, their estates, and their creditors to postpone review and analysis of this Motion and the Pending Motions until all such claims can be evaluated alongside the claims of similarly-situated creditors pursuant to comprehensive procedures for allowance and payment of section 503(b)(9) claims approved by this Court.

B.      The Debtors Currently Lack Sufficient Funds to Pay All Section 503(b)(9) Claims

The Committee also objects to the Motion because the Debtors' cash budget (the "*Budget*") [ECF No. 153-2] demonstrates that the Debtors do not presently have sufficient funds to pay all section 503(b)(9) claims. The amounts requested by the Pending Motions exceed $581,000.00.  The Budget projects that the Debtors will be cash-flow negative in 14 of the next 23 weeks and will be cash-flow negative throughout the bankruptcy cases overall.  There is the possibility that there would not be sufficient funds for all section 503(b)(9) claimants and any payment to Keck would be subject to disgorgement.  The Committee therefore submits that it is premature to permit allowance and payment of Keck's alleged claim.

## II.     Keck Did Not Provide Proof of Delivery of Goods to the Debtors in the 20 Days Prior to the Petition Date.

Keck attached fourteen (14) Invoices to its Motion in support of its request for payment of $309,198.83 in goods allegedly delivered to the Debtors in the 20 days prior to the Petition Date.  However, the invoices do not establish proof of delivery of goods.  For one, seven (7) of

the fourteen Invoices attached to the Motion do not include any product description that would

enable the Committee to confirm that any goods were actually delivered to the Debtors.  Rather,

these seven Invoices are blank, containing only the seller's and buyer's information, ship date,

and total amount.  Without a product description, the Committee cannot confirm that Keck sold

goods to the Debtors.

Furthermore, Keck has not provided proof of delivery for any of the fourteen Invoices.

Each Invoice includes a "ship date," but does not provide an actual date of delivery or proof of

delivery, such as a copy of a bill of lading.  Keck must establish that goods were actually

delivered to the Debtors within 20 days of the Petition Date in order to establish a section

503(b)(9) administrative claim.  It has not done so and, accordingly, the Committee objects to the

allowance and payment of Keck's alleged section 503(b)(9) administrative claim.

### Reservation of Rights

The Committee reserves the right to raise any additional objections to any future section

503(b)(9) claim submitted by Keck including, without limitation, lack of sufficient information

to establish that Keck delivered goods to the Debtors within 20 days prior to the Petition Date.

### Conclusion

For the foregoing reasons, the Committee objects to the Motion and requests that the

Court enter and continue the Motion until such time as it may be considered alongside the claims

of similarly-situated creditors pursuant to a comprehensive section 503(b)(9) claims procedure.

The Committee further objects to the merits of Keck's alleged claim because Keck has not

provided proof of delivery of goods to the Debtors in the 20 days prior to the Petition Date.

Dated:  December 4, 2014

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FOODS, INC. d/b/a DAHL'S FOODS,** *et al.*

By:_____/s/ Richard S. Lauter_____
     Its Proposed Counsel

Richard S. Lauter*
Thomas R. Fawkes*
Elizabeth L. Janczak*
FREEBORN & PETERS LLP
311 South Wacker Drive, Ste. 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile:  312.360.6520
rlauter@freeborn.com
tfawkes@freeborn.com
ejanczak@freeborn.com

*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 4, 2014, the *Limited Objection of the Official Committee of Unsecured Creditors to Keck, Inc.'s Motion for Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(a) and 503(b)(9)* was served electronically upon those parties receiving electronic notification through the Court's CM/ECF system and further as set forth below.

/s/ Richard S. Lauter

**U.S. Mail Service List**

United States Trustee
James L. Snyder, Esq.
Federal Building, Room 793
210 Walnut Street
Des Moines, IA 50309