# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Lead Case No.    14-02689-als11 |
| FOODS, INC. d/b/a DAHL'S FOODS *et al.*, | Affiliated Cases:    14-02690-als11 |
| | 14-02691-als11 |
| Debtor. | |
| EIN: 42-0803702 | Chapter 11 Cases (Jointly Administered) |
| DAHL'S FOOD MART, INC., | Hon. Anita L. Shodeen |
| Debtor. | |
| EIN: 42-1040714 | **LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO APPLICATION OF BIMBO BAKERIES USA, INC. FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE UNDER BANKRUPTCY CODE § 503(b)(9)** |
| DAHL'S HOLDINGS I, LLC, | |
| Debtor. | |
| EIN: 42-3377738 | |

The Official Committee of Unsecured Creditors (the "*Committee*") of Foods, Inc. d/b/a Dahl's Foods and its affiliated debtor entities (collectively, "*Dahl's*" or the "*Debtors*"), by and through its undersigned proposed counsel, hereby submits this limited objection (the "*Limited Objection*") to the application for payment of administrative expense claim (the "*Application*") [ECF No. 66] filed by Bimbo Bakeries USA, Inc. ("*BBU*"). In support of the Limited Objection, the Committee states as follows:

**Relevant Factual Background**

On November 9, 2014 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"). The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On November 17, 2014, BBU filed the Application seeking allowance and payment of $27,604.88 as an administrative expenses pursuant to section 503(b)(9) of the Bankruptcy Code. BBU attached an aging report, but did not include copies of invoices. The deadline to object to the Application is December 9, 2014.

On November 18, 2014, the Office of the United States Trustee appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code.

## Limited Objection

The Committee objects to BBU's Application for procedural reasons as well as on the merits. Procedurally, the Committee believes that it is premature to evaluate this Application in light the circumstances of these cases and that, instead, all section 503(b)(9) claims should be addressed through a comprehensive procedure approved by this Court. As to the merits of BBU's claim, the Committee objects because BBU has not established that it delivered goods to the Debtors in the 20 days prior to the Petition Date.

**I.   The Application is Premature and Should be Considered Alongside the Section 503(b)(9) Claims of All Similarly-Situated Creditors**

   A.   The Application and All Pending Applications Should be Addressed Pursuant to a Comprehensive Section 503(b)(9) Claims Procedure.

Including this Application, there are currently eight (8) pending motions for payment of administrative expenses (the "*Pending Motions*"), all asserting an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. *See* ECF Nos. 41, 66, 79, 83, 94, 147, 152, 163. The Committee anticipates that many other creditors likely have section 503(b)(9) claims against the Debtors. Rather than review each motion for payment of a section 503(b)(9) claim as it is filed, the Committee asserts that it would be in the best interests of creditors and would serve judicial economy to establish a procedure for addressing all such claims so that that

the Committee and other parties-in-interest may review and evaluate section 503(b)(9) claims at the same time, and, if appropriate, file a single omnibus-objection to section 503(b)(9) claims. The Debtors have in fact filed a motion to approve a procedure for addressing section 503(b)(9) claims which is pending before this Court.

Accordingly, the Committee submits that it is in the best interests of the Debtors, their estates, and their creditors to postpone review and analysis of this Application and the Pending Motions until all such claims can be evaluated alongside the claims of similarly-situated creditors pursuant to comprehensive procedures for allowance and payment of section 503(b)(9) claims approved by this Court.

B.     <u>The Debtors Currently Lack Sufficient Funds to Pay All Section 503(b)(9) Claims</u>

The Committee also objects to the Application because the Debtors' cash budget (the "*Budget*") [ECF No. 153-2] demonstrates that the Debtors do not presently have sufficient funds to pay all section 503(b)(9) claims. The amounts requested by the Pending Motions exceed $740,000.00. The Budget projects that the Debtors will be cash-flow negative throughout the bankruptcy cases. There is the possibility that there would not be sufficient funds for all section 503(b)(9) claimants and any payment to BBU would be subject to disgorgement. The Committee therefore submits that it is premature to permit allowance and payment of BBU's alleged claim.

**II.    BBU Did Not Provide Proof of Delivery of Goods to the Debtors in the 20 Days Prior to the Petition Date.**

BBU did not attach invoices or bills of lading in support of its request for payment for goods allegedly delivered to the Debtors in the 20 days prior to the Petition Date. BBU must establish that goods were actually delivered to the Debtors within 20 days of the Petition Date in order to establish a section 503(b)(9) administrative claim. It has not done so and, accordingly,

3

the Committee objects to the allowance and payment of BBU's alleged section 503(b)(9) administrative claim.

### Reservation of Rights

The Committee reserves the right to raise any additional objections to any future section 503(b)(9) claim submitted by BBU including, without limitation, lack of sufficient information to establish that BBU delivered goods to the Debtors within 20 days prior to the Petition Date.

### Conclusion

For the foregoing reasons, the Committee objects to the Application and requests that the Court enter and continue the Application until such time as it may be considered alongside the claims of similarly-situated creditors pursuant to a comprehensive section 503(b)(9) claims procedure. The Committee further objects to the merits of BBU's alleged claim because BBU has not provided proof of delivery of goods to the Debtors in the 20 days prior to the Petition Date.

Dated: December 9, 2014

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FOODS, INC. d/b/a DAHL'S FOODS,** *et al.*

By:   /s/ Richard S. Lauter
         Its Proposed Counsel

Richard S. Lauter*
Thomas R. Fawkes*
Elizabeth L. Janczak*
FREEBORN & PETERS LLP
311 South Wacker Drive, Ste. 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile:  312.360.6520
rlauter@freeborn.com
tfawkes@freeborn.com
ejanczak@freeborn.com

*Admitted pro hac vice

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on December 9, 2014, the *Limited Objection of the Official Committee of Unsecured Creditors Application of Bimbo Bakeries USA, Inc. for Allowance and Payment of Chapter 11 Administrative Expense Under Bankruptcy Code § 503(b)(9)* was served electronically upon those parties receiving electronic notification through the Court's CM/ECF system and further as set forth below.

                                                       /s/ Richard S. Lauter

**U.S. Mail Service List**

United States Trustee
James L. Snyder, Esq.
Federal Building, Room 793
210 Walnut Street
Des Moines, IA 50309