## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Lead Case No.    14-02689-als11 |
| | ) | Affiliated Cases:   14-02690-als11 |
| FOODS, INC. d/b/a DAHL'S FOODS | ) | 14-02691-als11 |
| | ) | |
| Debtors and Debtors in Possession | ) | Chapter 11 Cases (Jointly Administered) |
| | ) | |
| 4343 Merle Hay Road | ) | Hon. Anita L. Shodeen |
| Des Moines, IA 50310 | ) | |
| | ) | **DEBTORS' THIRD & FINAL** |
| EIN:  42-0803702 | ) | **SUPPLEMENTAL MOTION FOR THE** |
| _____ | ) | **ENTRY OF AN ORDER** |
| | ) | **AUTHORIZING THE DEBTORS TO** |
| | ) | **ASSUME AND ASSIGN CERTAIN** |
| | ) | **EXECUTORY CONTRACTS AND/OR** |
| | ) | **UNEXPIRED LEASES PURSUANT TO** |
| And Affiliated Cases | ) | **11 U.S.C. § 365** |
| | ) | |
| _____ | ) | No Hearing Set. |

COME NOW Foods, Inc. d/b/a Dahl's Foods, Dahl's Food Mart, Inc., and Dahl's Holdings I, LLC, the debtors and debtors-in-possession herein (collectively, "Dahl's" or the "Debtors"), by and through their General Reorganization Counsel, Jeffrey D. Goetz, Esq., of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., and pursuant to § 365 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and hereby move this Court (this "Motion") for entry of an order authorizing the assumption and assignment of certain executory contracts and unexpired leases. In support of this Motion, the Debtors state as follows:

## JURISDICTION AND VENUE

1.  On November 9, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Subsequently, the Debtors filed motions to jointly administer the cases pursuant to Rule 1015(b) of the Bankruptcy Rules. On November 26, 2014, this Court entered its Order [Docket No. 140] authorizing the joint administration of the Debtors' bankruptcy cases. The Debtors are duly operating as debtors in possession, pursuant to Bankruptcy Code §§ 1107 and 1108. There is no motion or application pending for the appointment of a trustee or examiner.

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for relief sought herein include Section 365 of the Bankruptcy Code and Rules 6006 and 9014 of the Bankruptcy Rules.

## FACTUAL BACKGROUND

3.  On November 9, 2014, the Debtors filed the *Debtors' Motion for Order (1) Approving Auction and Bidding Procedures; (2) Approving Cost and Cost and Expense Reimbursement; (3) Prescribing Manner of Notice; and (4) Authorizing Sale of Assets Free and Clear of Liens, Claims and Encumbrances, Subject to Higher or Better Offers* [Docket No. 19] (the "Sale Motion").

4.  On December 3, 2014, the Court entered an Order approving, among other things, the Bid Procedures governing the submission of competing bids for the Debtors' assets and approving the assumption of the Original APA [Docket No. 157] (the "Bid Procedures Order").

5.  Pursuant to the Bid Procedures Order, the Debtors conducted an auction for the sale of a substantial portion of its assets. Associated Wholesale Grocers, Inc. ("AWG") was the successful bidder at the auction.

2

6. On February 3, 2015, the Court entered that certain *Nunc Pro Tunc Order Approving (A) the AWG Asset Purchase Agreement, (B) Authorizing (I) Sale Of Substantially All Of The Assets Of The Debtors Outside The Ordinary Course Of Business Free And Clear Of Liens And Interests And (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases To Purchaser And Establishing Cure Amounts With Respect Thereto, And (C) Granting Related Relief* [Docket Nos. 310, 314] (the "Sale Order") approving the sale of certain of Debtors' assets to AWG, or certain Ultimate Purchasers, pursuant to the Asset Purchase Agreement (the "APA") attached as Exhibit "A" to the Sale Order.

7. The Sale Order also approved the Designation Rights (as defined in the APA) granted to AWG under the APA, pursuant to which AWG has the right to direct the Debtors to assume and assign or reject certain contracts or leases. Under the terms of the APA, AWG can exercise the Designation Rights until the date which is ten (10) Business Days after the Closing Date.[1]

8. The Debtors and AWG executed an Agreement to Extend Designation Period under Second Amended Asset Purchase Agreement (the "Agreement"), attached as Exhibit "A" on April 10, 2015. The Agreement extended the Designation Period through April 17, 2015.

9. AWG has directed the Debtors to assume and assign certain executory contracts and unexpired leases (the "Assumed Contracts"), as set forth on Exhibit "B" hereto.

## RELIEF REQUESTED

10. By this Motion and for the reasons set forth herein, the Debtors seek relief pursuant to Bankruptcy Code sections 105 and 365 for the entry of an order authorizing the assumption of the Assumed Contracts by the Debtors and permitting the Debtors to assign the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Order or the APA, as applicable.

3

Assumed Contracts to a designee of AWG (the "AWG Designee"). A list of the Assumed Contracts and the respective AWG Designee is attached hereto as Exhibit "B." The Debtors request that the assumption and assignment of each respective Assumed Contract shall be effective as of the date corresponding to such Assumed Contract as listed on Exhibit "B" hereto.

**I.     Assumption of the Assumed Contracts**

11.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The purpose behind allowing the assumption or rejection of executory contracts or unexpired leases is to permit the debtor in possession to maximize the value of its estate by exercising business judgment to assume contracts or leases that are beneficial to the estate and to reject such contracts and leases that are not. *See, e.g., In re Rickel Home Centers*, 209 F.3d 291, 298 (3d Cir. 2001). In assuming a contract or a lease, the debtor must assume the entire contract or lease. *See, e.g., In re Fifth Taste Concepts Las Olas, LLC*, 325 B.R. 42 (Bankr. S.D. Fla. 2005). Upon finding that a debtor has exercised its sound business judgment in determining that the assumption of an executory contract or unexpired lease is in the best interest of the estate, a bankruptcy court should approve the assumption under § 365 of the Bankruptcy Code, provided that the debtor also demonstrates that it can satisfy the statutory requirements for assumption under § 365 of the Bankruptcy Code, if applicable. *See In re Quantegy, Inc.*, 326 B.R. 467, 470 (Bankr. M.D. Ala. 2005). The Bankruptcy Code generally favors free assignability of contracts and leases as a means to maximize the debtor's estate.

12.     Debtors' assumption of the Assumed Contracts is (i) an exercise of its sound business judgment, and (ii) in the best interests of Debtors' estate and creditors. Additionally, the assumption of the Assumed Contracts is contemplated by the APA and the Sale Order.

13. None of the Assumed Contracts that are the subject of this Motion have expired and therefore are unexpired and "executory" in nature.

14. Debtors meet the requirements set forth in Section 365 of the Bankruptcy Code. According to § 365(b)(1), in order for a debtor to assume a contract or unexpired lease, the debtor must (A) cure any existing defaults, or provide adequate assurance that the debtor will promptly cure such default; (B) compensate or provide adequate assurance that the debtor will promptly compensate the non-debtor party to such contract or lease, for any loss to such party resulting from the default; and (C) provide adequate assurance of future performance under such contract or lease.

15. If the Debtors are in default under the terms of the Assumed Contracts, any such default will be promptly cured by the Debtors pursuant to 11 U.S.C. § 365(b)(1). No default of the type described in 11 U.S.C. § 365(b)(2)(D) exists under the Assumed Contracts.

16. The AWG Designee has provided or will have provided the counterparties to the Assumed Contracts (the "<u>Contract Counterparties</u>") with adequate assurance of future performance within the meaning of 11 U.S.C. §§ 365(b)(1)(C), 365(b)(3) and 365(f)(2)(B).

17. Upon assumption, the Contract Counterparties to the Assumed Contracts shall not be entitled to any cure payments or damages claims arising from the assumption and assignment other than the cure amounts as set out on Exhibit "C" (the "<u>Cure Amounts</u>"), and shall be forever barred from asserting any such claims or damages for pre-assumption amounts against the Debtors, AWG, the AWG Designee, or the Debtors' estates.

18. Debtors will pay the Cure Amounts to cure any arrearage under the Assumed Contracts in accordance with the terms of the Sale Order relating to the assumption and assignment of Contracts and Leases.

19. To the extent prior agreement and consent has not been reached between the parties, the Contract Counterparties shall be adequately assured of future performance by the AWG Designee. As indicated on Exhibit "B" hereto, the AWG Designee will be DGS-Acquisition, LLC, an affiliate of AWG.

20. In light of the foregoing, Debtors' assumption of the Assumed Contracts should be allowed.

## II. Assignment of the Assumed Contracts

21. A debtor-in-possession may assign an executory contract or unexpired lease only if: "(A) the trustee assumes such contract or lease in accordance with [§ 365(b)]; and (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease." 11 U.S.C. § 365(f)(2). "What constitutes 'adequate assurance of future performance' must be determined by consideration of the facts of the proposed assumption." *In re Fleming Companies, Inc.*, 499 F.3d 300, 307 (3rd Cir. 2007) (internal citations and quotations omitted).

22. Here, the Debtors seek to assign the Assumed Contracts in accordance with the APA. As stated above, to the extent not already reached by agreement, the AWG Designee will provide the Contract Counterparties with adequate assurance of performance. Other bankruptcy courts have found that circumstances such as the assignee's payment of valuable consideration in exchange for the assignment are of "critical consideration [to the determination of whether adequate assurance of future performance has been proven,] because the entire purpose of § 365, in addition to protecting the interests of the bankruptcy estate, is to protect the interests of the second party to the lease." *In re Tama Beef Packing, Inc.*, 277 B.R. 407, 412 (N.D. Iowa 2002).

23. Moreover, as set forth above, any "assurance" of future performance contemplated by § 365 is adequate if the facts indicate that it is simply more probable than not

that the assignee will continue to perform under the lease. *In re Prime Motor Inns, Inc.*, 166 B.R. 993, 997 (Bankr. S.D.Fla. 1994). The circumstances of the Debtors' proposed assignment of the Assumed Contracts to a willing purchaser indicate that the AWG Designee will continue to perform under the Assumed Contracts.

24. Consequently, the Debtors submit that adequate assurance of future performance is provided with respect to the Assumed Contracts as contemplated by § 365(f)(2)(B) and otherwise. As such, Debtors' assignment of the Assumed Contracts to the AWG Designee should be allowed.

### REQUEST TO WAIVE THE TEN DAY STAY PERIODS REQUIRED BY RULE 6006(D) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

25. Bankruptcy Rule 6006(d) stays all orders authorizing a debtor to assign an executory contract or unexpired lease pursuant to section 365(f) of the Bankruptcy Code for ten (10) days, unless the court orders otherwise.

26. The Debtors hereby request that the Court waive the 10-day stay period under Bankruptcy Rule 6006(d).

27. The Debtors submit that the relief requested is necessary and appropriate, is in the best interests of the Debtors and their estates, and should be granted in all respects.

**WHEREFORE**, the Debtors respectfully request that this Court consider this Motion without a hearing, or, in the event the Court deems a hearing necessary, set this Motion for hearing as soon as possible, and thereafter enter an order authorizing the assumption and assignment of the Assumed Contracts by the Debtors and ordering such other and further relief as this Court deems just and appropriate.

Date: July 10, 2015                                                      Respectfully submitted,

*/s/ Jeffrey D. Goetz*
Jeffrey D. Goetz, Esq., IS #9999366
Bradshaw Fowler Proctor & Fairgrave, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-8004
515/246-5817
515/246-5808 FAX
goetz.jeffrey@bradshawlaw.com

General Reorganization Counsel
for the Debtors and Debtors in Possession

## **CERTIFICATE OF SERVICE**

  This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

*/s/  Barbara  Warner*

# Exhibit A

## AGREEMENT TO EXTEND DESIGNATION PERIOD UNDER SECOND AMENDED ASSET PURCHASE AGREEMENT

THIS AGREEMENT TO EXTEND DESIGNATION PERIOD UNDER SECOND AMENDED ASSET PURCHASE AGREEMENT is made effective as of April 10, 2015 (the "**Effective Date**"), by and among **FOODS, INC. D/B/A DAHL'S FOODS**, an Iowa corporation ("**Dahl's**"), **DAHL'S FOOD MART, INC.**, an Iowa corporation ("**DFMI**"), **DAHL'S HOLDINGS I, LLC**, an Iowa limited liability company, ("**Holdings**" and, together with **Dahl's** and **DFMI**, the "**Sellers**" as debtors-in-possession), and **ASSOCIATED WHOLESALE GROCERS, INC.**, a Kansas corporation ("**AWG**" or "**Buyer**").

WHEREAS Sellers filed voluntary petitions (the "**Petitions**") for reorganization relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 et seq., as amended (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of Iowa (the "**Bankruptcy Court**") on November 9, 2014 (the "**Filing Date**") and have operated their businesses as debtors-in-possession (as defined in Section 1101 of the Bankruptcy Code), as authorized by Sections 1107 and 1108 of the Bankruptcy Code, since the Filing Date. Such cases are being administered under case nos. 14-02689-11, 14-02690-11, and 14-02691-11 (the "**Bankruptcy Cases**").

WHEREAS the Sellers and the Buyer entered into that certain Asset Purchase Agreement made effective as of November 9, 2014 by and among Foods, Inc. d/b/a Dahl's Foods, Dahl's Food Mart, Inc., Dahl's Holdings I, LLC, and Associated Wholesale Grocers, Inc. (as subsequently amended on January 6, 2015 and January 19, 2015, the "**APA**").

WHEREAS, on Feburary 3, 2015, the Bankrutpcy Court entered its Nuc Pro Tunc Order Approving (A) The AWG Asset Purchase Agreement, (B) Authorizing (I) Sale Of Substantially All Of The Assets Of The Debtors Outside The Ordinary Course Of Business Free And Clear Of Liens And Interests And (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases To Purchaser And Establishing Cure Amounts With Respect Thereto, And (C) Granting Related Relief [Docket No. 314] approving the APA and the related sale of certain of the Sellers' assets to Buyer.

WHEREAS pursuant to Section 2.3 of the APA, the Selllers granted Buyer certain Designation Rights[1] during the Designation Period.

WHEREAS the Designation Period will currently expire on April 10, 2015.

WHEREAS the Buyer and Seller have agreed to extend the Designation Period through and including April 17, 2015.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties, intending to be legally bound, agree as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the APA.
SLC-7413198-1

The Designation Period under the APA is hereby extended through and including the date of April 17, 2015.

[Remainder of Page Intentionally Left Blank. Signature Page Follows.]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the Effective Date.

**SELLERS:**

**FOODS, INC. D/B/A DAHL'S FOODS**
an Iowa corporation, Debtor-in-Possession

By: *[signature]*
Name: DEAN LONGNECKER
Title: CEO

**DAHL'S FOOD MART, INC.,**
an Iowa corporation, Debtor-in-Possession

By: *[signature]*
Name: DEAN LONGNECKER
Title: CEO

-and-

**DAHL'S HOLDINGS I, LLC,**
an Iowa limited liability company, Debtor-in-Possession

By: *[signature]*
Name: DEAN LONGNECKER
Title: CEO

**BUYER:**

**ASSOCIATED WHOLESALE GROCERS, INC.**, a Kansas corporation

By: *[signature]*
Name: DAVID E. SMITH
Title: EVP, DIVISION OPERATIONS

SLC-7413198-1

**Exhibit "B"**

Designation Notice

| Contract Counter-party | Contract or Lease[2] | AWG Designee | Designation[3] |
|---|---|---|---|
| Vital Support Systems, L.L.C.<br>Attn: Client Account Manager<br>11191 Aurora Avenue<br>Urbandale, IA 50322<br><br>TDS Hosted & Managed Services LLC<br>525 Junction Road<br>Madison, WI 53717<br>Attn: Legal Department<br><br>Stephen P. Fitzwell, Esq.<br>Sidley Austin, LLP<br>One South Dearborn St.<br>Chicago, IL 60603 | Master Services Agreement | DGS-Acquisition, LLC | Assume |
| Vital Support Systems, L.L.C.<br>Attn: Client Account Manager<br>11191 Aurora Avenue<br>Urbandale, IA 50322<br><br>TDS Hosted & Managed Services LLC<br>525 Junction Road<br>Madison, WI 53717<br>Attn: Legal Department<br><br>Stephen P. Fitzwell, Esq.<br>Sidley Austin, LLP<br>One South Dearborn St.<br>Chicago, IL 60603 | Statement of Work | DGS-Acquisition, LLC | Assume |
| Vital Support Systems, L.L.C.<br>Attn: Client Account Manager<br>11191 Aurora Avenue<br>Urbandale, IA 50322<br><br>TDS Hosted & Managed Services LLC<br>525 Junction Road<br>Madison, WI 53717<br>Attn: Legal Department<br><br>Stephen P. Fitzwell, Esq.<br>Sidley Austin, LLP<br>One South Dearborn St.<br>Chicago, IL 60603 | Statement of Work Exhibit A | DGS-Acquisition, LLC | Assume |
| Qwest Corporation d/b/a CenturyLink QC<br>1801 California Street, Suite 900<br>Denver, CO 80202<br>Attn: Legal Department | CenturyLink Interstate Private Line and Advanced Network Services Agreement and Interstate Metro Ethernet Service Exhibit; Qwest Total Advantage Agreement; CenturyLink Line Volume Plan Acknowledgment Form | DGS-Acquisition, LLC | Assume |

---

[2] Unless noted otherwise, any contract or lease listed herein includes reference to any and all applicable amendments, renewals, and the like.
[3] Certain parties and the Buyer are currently in negotiations regarding potential amendments to the listed agreements.

9

| | | | |
|---|---|---|---|
| Qwest Corporation d/b/a CenturyLink QC 1801 California Street, Suite 900 Denver, CO 80202 Attn: Legal Department | Qwest Total Advantage Agreement | DGS-Acquisition, LLC | Assume |
| Qwest Corporation d/b/a CenturyLink QC 1801 California Street, Suite 900 Denver, CO 80202 Attn: Legal Department | CenturyLink Line Volume Plan Acknowledgment Form | DGS-Acquisition, LLC | Assume |
| Discover Financial Services 2500 Lake Cook Road Riverwoods, IL 60015 | Merchant Services Agreement between Foods, Inc. dba Dahl's Foods and DFS Services LLC dated December 23, 2014, signed by Dean on January 12, 2015, but effective as of February 1, 2015 | DGS-Acquisition, LLC | Assume |
| | | | |
| N/A | All executory contracts and unexpired leases not specifically designated by Buyer for assumption and assignment to Buyer or its designee. | N/A | Reject |

## **Exhibit "C"**

Cure Amounts

| Contract Counterparty | Assumed Contracts | Cure Amount |
|---|---|---|
| Vital Support Systems, L.L.C.<br>Attn: Client Account Manager<br>11191 Aurora Avenue<br>Urbandale, IA 50322<br><br>TDS Hosted & Managed Services LLC<br>525 Junction Road<br>Madison, WI 53717<br>Attn: Legal Department<br><br>Stephen P. Fitzwell, Esq.<br>Sidley Austin, LLP<br>One South Dearborn St.<br>Chicago, IL 60603 | Master Services Agreement, Statement of Work, Statement of Work Exhibit A | $0 |
| Qwest Corporation d/b/a CenturyLink QC<br>1801 California Street, Suite 900<br>Denver, CO 80202<br>Attn: Legal Department | CenturyLink Interstate Private Line and Advanced Network Services Agreement and Interstate Metro Ethernet Service Exhibit; Qwest Total Advantage Agreement; CenturyLink Line Volume Plan Acknowledgment Form; Qwest Total Advantage Agreement; CenturyLink Line Volume Plan Acknowledgment Form | $70,385.32 |
| Discover Financial Services<br>2500 Lake Cook Road<br>Riverwoods, IL 60015 | Merchant Services Agreement between Foods, Inc. dba Dahl's Foods and DFS Services LLC dated December 23, 2014, signed by Dean on January 12, 2015, but effective as of February 1, 2015 | $0 |