# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: ) | Case No.: 14-02689-als11 |
| ) | |
| **FOODS, INC. dba DAHL'S FOODS** ) | Chapter 11 |
| ) | |
| Reorganized Debtor. ) | Hon. Anita L. Shodeen |
| ) | |
| PO Box 1218 ) | **FINAL APPLICATION OF ROGER A.** |
| Johnston, IA ) | **STONG, ESQ. AND THE CROWE &** |
| ) | **DUNLEVY, P.C. LAW FIRM AS** |
| EIN: 42-0803702 ) | **DEBTOR'S SPECIAL** |
| ) | **REORGANIZATION AND CONFLICTS** |
| ) | **COUNSEL FOR ALLOWANCE AND** |
| ) | **PAYMENT OF COMPENSATION** |
| ) | **PURSUANT TO SECTIONS 330 OF** |
| ) | **THE BANKRUPTCY CODE** |
| ) | |
| ) | No Hearing Set |

TO THE HON. ANITA L. SHODEEN, UNITED STATES BANKRUPTCY JUDGE:

Roger A. Stong, Esq. and the Crowe & Dunlevy P.C. Law Firm (hereinafter collectively referred to as the "Firm"), the duly-employed Special Reorganization and Conflicts Counsel for Foods, Inc. dba Dahl's Foods, ("Dahls"), the Reorganized herein (the "Debtor"), by and through the Debtor's duly-employed General Reorganization Counsel, Jeffrey D. Goetz, Esq. of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., respectfully submits this Final Fee Application (the "Final Application") seeking (a) final approval of the fees and expenses awarded by this Court to the Firm on an interim basis ("First Application Period") pursuant to its "Order Regarding First Interim Application of General Reorganization Counsel to the Debtor, (November 10, 2014 through January 31, 2015)" (Docket Item 426), (b) final approval of the fees and expenses awarded by this Court to the Firm on an interim basis ("Second Application Period") pursuant to its "Order Regarding Second Interim Application of General Reorganization

Counsel to the Debtor ( February 1, 2015 through May 31, 2015)" (Docket Item 445) , (c) final approval of the fees and expenses awarded by this Court to the Firm on an interim basis (Third Application Period) pursuant to its "Order Regarding Third Interim Application of General Reorganization Counsel to the Debtor ( April 1, 2015 through July 31, 2015).  The Firm submits this Final Fee Application for allowance of compensation for professional services rendered by Roger A. Stong, Esq. and the Firm to the Debtor during the prior Application Periods.  In support of this Final Application, the Firm represents as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A Voluntary Petition under Chapter 11 of the Bankruptcy Code (Docket Item 1) was filed by the Debtor on November 9, 2014 ("Petition Date"). The Debtor is authorized to continue to operate and manage its business as a debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

The statutory predicates for the relief requested herein are Bankruptcy Code §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure.   This Final Application has been prepared in accordance with local practice and guidelines.

## THE RETENTION OF THE FIRM

The Firm was retained by the Debtor pursuant to a Legal Services Agreement.  The Debtor filed its application to employ Roger A. Stong, Esq. and the Crowe & Dunlevy P.C. Law Firm on November 9, 2014 (Docket Item 6).  On December 17, 2014, the Court entered its Order

2

approving the Debtor's employment of Roger A. Stong, Esq. and the Crowe & Dunlevy P.C. Law Firm (Docket Item 212). The Legal Services Agreement and the Motion and Order authorizing the Debtor's employment of the Firm provide that they have no agreement to share compensation received for services rendered in this case.

## THIS FEE APPLICATION

The Firm did not receive any pre-petition retainer in connection with their Application to Employ.

On March 6, 2015, the Firm filed its First Interim Application for compensation for attorney fees in the total amount of $21,656.00, for the time period of November 10, 2014 through and including January 31, 2015 (Docket No. 374).

On April 15, 2015, the Court entered an Order approving said Application in the amount of $21,656.00 in fees (Docket No. 426). Pursuant to that Order, the Debtor subsequently paid the balance due the Firm in full.

On May 1, 2015, the Firm filed its Second Interim Application for compensation for attorney fees in the total amount of $5,984.00, for the time period of February 1, 2015 through and including March 31, 2015 (Docket No. 434). On May 29, 2015, the Court entered an Order approving said Application in the amount of $5,984.00 in fees (Docket No. 445). Pursuant to that Order, the Debtor subsequently paid the balance due the Firm in full. On September 8, 2015, the Firm filed its Third Interim Application for compensation for attorney fees in the total amount of $3,066.00, for the time period of April 1, 2015 through and including July 31, 2015 (Docket No. 608).

On October 5, 2015, the Court entered an Order approving said Application in the amount of $3,066.00 in fees (Docket No. 638). Pursuant to that Order, the Debtor subsequently

paid the balance due the Firm in full.  This Final Application seeks final approval of the previously awarded interim fees and expenses.

A declaration by Roger A. Stong, Esq., in support of this fee application is attached as Exhibit "A" and is incorporated by reference herein.

## EVALUATING THE FIRM'S SERVICES

Concerning the level of compensation, Bankruptcy Code § 330 provides, in pertinent part, that the Court may award a professional person, including a debtor's attorney:

> "(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to…a professional person…
>
> (A)  reasonable compensation for actual, necessary services rendered by the ... professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B)  reimbursement for actual, necessary expenses."

In determining the amount of reasonable compensation to be awarded, Bankruptcy Code § 330 also provides that the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

> "(A)  the time spent on such services;
> (B)  the rates charged for such services;
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than

4

cases under this title."

The Congressional intent and policy expressed in Bankruptcy Code § 330 is to provide for adequate compensation to continue to attract qualified and competent practitioners to bankruptcy cases.

The "lodestar" method of the fee calculation developed by courts in this circuit is the method used to determine a "reasonable" attorney fee in all the federal courts, including the bankruptcy courts. In the Southern District of Iowa, this Court has stated that all applications for attorney fees must comply with the standards set forth in <u>In re Pothoven</u>, 84 B.R. 579 (S.D. Iowa, 1988). Under the <u>Pothoven</u> case, applications for compensation for service and/or reimbursement of necessary expenses from the estate must set forth a detailed statement of the services rendered, time expended and expenses incurred, and the amounts requested. As set forth in the <u>Pothoven</u> case, attached hereto as Exhibit "C" and incorporated herein are the "Firm's Resumes."

<u>THE FIRM'S REQUEST FOR FINAL COMPENSATION</u>

The Firm submits that its requests for prior allowance of compensation were reasonable. The services rendered by the Firm during the Application Periods were performed diligently and efficiently. Accordingly, when possible, the Firm delegated tasks to lower cost attorneys or, for discrete matters, to attorneys with specialized expertise in the particular task at issue. While that approach may have required intra-office conferences or involved individual attorneys who spent only a few hours on the matter at hand, the net result was enhanced cost efficiency.

The Firm's hourly rates and fees charged are consistent with the market rate for comparable services.

WHEREFORE, Roger A. Stong, Esq. and the Crowe & Dunlevy P.C. Law Firm

respectfully request that this Court enter an order as follows:

    a.    Approving as final compensation the previously awarded interim compensation in an amount equal to $30,706.00;

    b.    For such other and further relief as may be just or proper under the circumstances.

Dated: November 6, 2015

/s/    Jeffrey D. Goetz
Jeffrey D. Goetz, Esq., IS #9999366
Bradshaw, Fowler, Proctor & Fairgrave, P.C.
801 Grand Avenue, Suite 3700
Des Moines, Iowa 50309-8004
515/246-5817
515/246-5808 FAX
goetz.jeffrey@bradshawlaw.com

General Reorganization Counsel for
Foods, Inc., Reorganized Debtor

CERTIFICATE OF SERVICE: This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.
/s/    Barbara Warner

EXHIBIT "A"

DECLARATION BY ATTORNEY FOR DEBTOR

I, Roger A. Stong, Esq., declare as follows:

1.  The matters stated in this Declaration are true and correct and within my own personal knowledge and belief. If called as a witness, I could and would competently testify hereto.

2.  I am an attorney licensed to practice law in the State of Oklahoma, am authorized to appear herein Pro Hac Vice, and am the duly employed Special Reorganization and Conflicts Counsel for the Debtor.

3.  I have personal knowledge of the facts set forth in the foregoing Fourth and Final Fee Application and, if called upon as a witness, I could and would competently testify as to all of the matters stated therein.

I declare under penalty of perjury under the laws of the United States and the laws of the State of Oklahoma that the foregoing is true and correct and is executed this 6th day of November, 2015.

Dated: November 6, 2015         */s/ Roger A. Stong*
                                Roger A. Stong, Esq.